

61 Broadway, 26th Floor, New York, NY 10006
Tel: 212-867-4100  Fax: 212-867-4118
www.fkblaw.com

March 28, 2019

**BY ECF**
Hon. Ronnie Abrams, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2203
New York, NY 10007

      Re:    *CitiBank, N.A. v. Law Offices of Rachel Zamata, LLC*
               Case No. 18-CV-9973 (RA)

Dear Judge Abrams:

      We represent the defendant, Law Office of Rachel Zamata, LLC ("Defendant Zamata Firm"), in the above-referenced action. We respectfully ask your Honor to reject Plaintiff's request to set forth a briefing schedule in connection to summary judgment motions, instead of proceeding with an initial conference and setting a discovery schedule. Plaintiff's request is patently premature and factually misleading. Discovery is necessary in order to flesh out the allegations made in the Complaint.

      Plaintiff opines that the subject check at the center of this lawsuit is "counterfeit," and considers the allegedly-counterfeit nature of the check to be an "undisputed fact." This is Plaintiff's opinion, and certainly not an established, undisputed fact.

      Indeed, Plaintiff repeatedly refers to the subject check as "counterfeit" in both the Complaint, as well as the correspondence filed by Plaintiff's counsel on March 27, 2019. Defendant Zamata Firm, however, has never conceded that the check is counterfeit. There are no admissions in Defendant Zamata Firm's Answer signaling a concession that the check is counterfeit. No discovery has been conducted to ascertain the legitimacy of the check.

      Moreover, there has been no documents exchanged in discovery, deposition testimony or expert testimony elicited, to date, concerning the counterfeit nature of the check. The check has never been examined by an expert. Perhaps Plaintiff *believes* the check is counterfeit – but this is far from an "undisputed fact," at this stage of the litigation. Defendant Zamata Firm will be highly prejudiced in this action if it is not allowed to engage in discovery (both in terms of documents from Citibank and/or from the Royal Bank of Scotland, the collecting bank at issue in the Cayman Islands) to ascertain the legitimacy of the check in question, given the magnitude of this determination and impact on the litigation as a whole.

570 Taxter Road, 5th Floor, Elmsford, NY 10523  |  Tel: 914-920-4000  |  Fax: 914-347-3898

*CitiBank, N.A. v. Law Offices of Rachel Zamata, LLC*
FKB 336.002
Page 2
___

      This matter is not ripe for summary judgment. Questions of fact remain as to whether Plaintiff, the collecting bank in the transaction at issue, acted with a duty of "ordinary care" in connection to Plaintiff's actions following Plaintiff's determination that the check at issue was counterfeit. <u>See</u> <u>Greenberg, Trager & Herbst, LLP v. HSBC Bank, USA</u>, 17 N.Y.3d 565 (2011). There has been no discovery, to date, to allow Defendant Zamata Firm to probe the legitimacy of this defense (or any defense, as no discovery has occurred). Further, Defendant Zamata should be given the opportunity to depose witnesses from CitiBank, namely the individuals that contacted Defendant Zamata in connection to the subject check, including, but not limited to, Arthur Lucien, the individual who made initial contact with Defendant Zamata, and Jennifer Cruz, the Citibank employee who handled the wire transfer in question, and, upon information and belief, advised Defendant Zamata that the funds at issue were cleared.

      For the above reasons, we respectfully ask your Honor to reject Plaintiff's request, and to allow the parties to engage in an initial conference, as originally scheduled by this Court.

      Respectfully,

      FURMAN KORNFELD & BRENNAN LLP

      */s/ A. Michael Furman*

      A. Michael Furman


cc: Bruce Goodman, Esq. (via ECF)