# ZEICHNER ELLMAN & KRAUSE LLP

1211 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036
(212) 223-0400
FAX: (212) 753-0396
www.zeklaw.com

35 MASON STREET
GREENWICH, CT 06830
(203) 622-0900
FAX: (203) 862-9889

103 EISENHOWER PARKWAY
ROSELAND, NJ 07068
(973) 618-9100
FAX: (973) 364-9960

DIRECT DIAL
(212) 826-5357
bgoodman@zeklaw.com

March 27, 2019

> Application denied. The parties shall appear for the initial conference as scheduled. SO ORDERED.
>
> Ronnie Abrams, U.S.D.J.
> March 28, 2019

**BY ECF**

Honorable Ronnie Abrams
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1506
New York, New York 10007

**Citibank, N.A. v. Law Offices of Rachel Zamata**
**Case No. 18 CV 9973 (RA)**

Dear Judge Abrams,

We are counsel to plaintiff Citibank, N.A. This case concerns Defendant law firm's deposit of a $198,500. counterfeit bank check (the "Counterfeit Check") for credit to a New York IOLA account in Defendant's name (the "Account"). Citibank provisionally credited the Account for the amount of the Counterfeit Check, and Defendant instructed Citibank to wire funds based on the provisional credit. However, the purported drawer bank dishonored the Counterfeit Check because it was counterfeit. This resulted in a $190,055. overdraft (the "Overdraft") for which Defendant is both statutorily and contractually liable to Citibank.

MEMO ENDORSED

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/28/19

ZEICHNER ELLMAN & KRAUSE LLP

Hon. Ronnie Abrams
March 27, 2019
Page 2

The Court has scheduled an Initial Conference for April 5, 2019. Citibank respectfully submits that the material facts are not in dispute, the applicable law is well established, and discovery is not required. The issues here are ripe for summary judgment in Citibank's favor. Thus, in lieu of conducting an Initial Conference, we write to respectfully ask this Court to set forth a briefing schedule so that Citibank may promptly make a motion pursuant to Fed. R. Civ. P. 56 for reimbursement of the Overdraft.

## THE UNDISPUTED FACTS

The following is a brief summary of the relevant facts, which are straightforward and undisputed. On February 12, 2018, Defendant deposited the Counterfeit Check purportedly drawn by RBC Royal Bank Limited, Cayman Islands ("Royal Bank") to Defendant's order for credit to the Account. Citibank provisionally credited the Account for the amount of the Counterfeit Check, and forwarded it for collection. On February 26, 2018, Defendant instructed Citibank to wire $190,000.00 from the Account to an account in the name of Eco Bank, PLC maintained at Deutsche Bank Trust Co. of America.

Thereafter, Royal Bank did not honor the Counterfeit Check because it was counterfeit, and returned it to Citibank. Consequently, pursuant to both its contractual and statutory rights, Citibank charged back the amount of the Counterfeit

ZEICHNER ELLMAN & KRAUSE LLP

Hon. Ronnie Abrams
March 27, 2019
Page 3

Check to the Account. This resulted in the Overdraft for which Defendant is liable to Citibank.

### SUMMARY JUDGMENT IN CITIBANK'S FAVOR IS APPROPRIATE

By its complaint, Citibank seeks reimbursement of the Overdraft pursuant to the terms of well-established law and Citibank's Account Agreement. By its answer, Defendant's affirmative defenses are without merit, and belied by controlling law and the Account Agreement.

There is nothing new about the facts or the law necessary to decide this case. Pursuant to the terms of the Citibank Client Manual, Citibank has the right to chargeback an account in the amount of a check for which Citibank has not received final payment. Further, pursuant to the Uniform Commercial Code, a depositor bears the risk of loss for a dishonored check until the bank receives final payment. N.Y.U.C.C. § 4-212(1) ("If a collecting bank has made provisional settlement with its customer for an item and itself fails by reason of dishonor…or otherwise to receive a settlement for the item which is or becomes final, the bank may revoke the settlement given by it, charge back the amount of any credit given for the item to its customer's account or obtain a refund from its customer…")

The governing law is well-stablished and clear. Indeed, the undisputed facts of this case are identical to those in cases decided by both the United States Court

ZEICHNER ELLMAN & KRAUSE LLP

Hon. Ronnie Abrams
March 27, 2019
Page 4

of Appeals for the Second Circuit and the New York Court of Appeals. See Fischer & Mandell LLP v. Citibank, N.A., 632 F.3d 793 (2d Cir. 2011), and Greenberg, Trager & Herbst, LLP v. HSBC Bank USA, 17 N.Y.3d 565 (2011). See also Law Offices of Oliver Zhou v. Citibank N.A., 2017 U.S. Dist. LEXIS 35307, JPMorgan Chase Bank, N.A. v. Freyberg, 171 F. Supp. 3d 178 (2016). Like here, each cited case involved an attorney purportedly retained by a fraudster "client" for the sole purpose of doing no more than receiving what the fraudster represented to be an official check purporting to represent payment of a debt owed to the fraudster. Each fraudster instructed the attorney to deposit the so-called official check, and wire a portion of the funds to a foreign bank account. All of these cases stand for the unequivocal position that a depositary bank owes no duty to a depositor-attorney to ascertain that a deposited check is counterfeit. Rather, it is clear that as a matter of law the attorney is in the best position to prevent the fraud by knowing his client, and remains liable for the risk of loss until the bank obtains final payment of the check.

In short, Citibank has both the legal and contractual right to charge back the Account if a deposited check is returned unpaid by the drawee bank, even after making the check proceeds provisionally available to the Defendant. Accordingly, Citibank is entitled to summary judgment on its Complaint, and dismissing all of Defendant's defenses. Citibank respectfully requests that the Court set forth a briefing schedule for such motion.

ZEICHNER ELLMAN & KRAUSE LLP

Hon. Ronnie Abrams
March 27, 2019
Page 5

                                                    Respectfully,

                                                  Bruce S. Goodman

cc:    A. Michael Furman, Esq. (by ECF)