

December 18, 2020

**BY ECF**

Honorable Ona T. Wang
United States Magistrate Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, New York 10007

MEMO ENDORSED

### Citibank, N.A. v. Law Offices of Rachel Zamata
### Case No. 18 CV 9973 (RA) (OTW)

Dear Judge Wang,

      We are counsel to Defendant, Law Office of Rachel Zamata, LLC ("Attorney Zamata"), in the above-referenced action. We submit this brief letter motion seeking to seal Plaintiff's letter motion (ECF No. 80) and this letter (ECF No. 83) pursuant to this Court's Individual Practices.[1]

      As an initial matter, Plaintiff's letter motion was submitted in direct violation of this Court's directive during the October 1, 2020 conference, where Your Honor urged the parties to meet and confer to resolve case-related disputes and avoid involving the Court. Specifically, Judge Wang said on the record at the conference on October 1, 2020 that she was "dismayed that the lawyers are having trouble reasonably discussing discovery issues" and instructed the parties not to engage in "prolonged letter-writing battles," and to instead submit a joint letter if there is a dispute. Judge Wang warned that a party's letter "will be stricken" if this unilateral conduct occurs.[2]

      Despite the explicit warning from Judge Wang, once again, Plaintiff's counsel refused to confer with the defense counsel and instead has filed the instant letter motion. Plaintiff's counsel made no attempt to meet and confer telephonically, nor did he even respond by email to Defense counsel's rationale for rejecting Plaintiff's supplemental discovery request, and instead, has filed this letter motion (ECF No. 80). As we noted in Defense counsel's September 21, 2020 correspondence (ECF No. 76), and again, here, we are disappointed to continuously engage in a letter writing campaign with Plaintiff's counsel in this litigation but Plaintiff's counsel's actions

---

[1] Generally, the defense notes that upon a showing of compelling circumstances, the court may order certain records to be sealed. Joy v. North, 692 F.2d 880, 893 (2d Cir. 1982). In determining whether good cause exists to overcome the presumption of open access to documents filed in federal courts district courts enjoy considerable discretion. Geller v. Branic Int'l. Realty Corp., 212 F.3d 734, 738 (2d Cir. 2000).

[2] 14:00 – 14:47 of the audio recording of the October 1, 2020 telephonic conference. Defendant can provide this audio recording to Plaintiff's counsel if requested.

leave us with no choice but to respond, again. We encourage Judge Wang to strike Plaintiff's newest letter request pursuant to her directive on October 1, 2020.

As an initial matter, we respectfully request that Plaintiff's letter motion be sealed. Defense counsel has marked all communications between Attorney Zamata and her client, Steven Djicdjor as confidential pursuant to the protective order dated June 9, 2020 (ECF No. 63), including the material cited in Plaintiff's letter motion which makes a reference to the content of that attorney/client communication. It is well settled that the attorney-client privilege is a privilege owed to the client by the attorney. See First Chicago Intern. V. United Exchange Co. Ltd., 120 F.R.D. 55 (S.D.N.Y. 1989). Attorney Zamata has an affirmative obligation to her client to maintain confidentiality of her client's communications to Attorney Zamata.

As discussed at the June 3, 2020 telephone conference with your honor, a confidentiality order prior to the disclosure of emails between Attorney Zamata and her client was necessary to shield Attorney Zamata from the threat of future litigation concerning the disclosure of privileged materials. Even if some or all of the emails were sent in furtherance of a cyber fraud perpetrated on Attorney Zamata, as plaintiff claims, there remains the possibility that Mr. Djicdjor is a bona fide client who was being impersonated at some point in the communications, as is often the case with similar cyber schemes.

Because has been no forensic investigation done into the identity of the individual communicating with Attorney Zamata in the subject emails; it is impossible to determine which email communications with Mr. Djicdjor are genuine or which are an impersonation. Accordingly, publicly exposing potentially privileged communication poses a great risk of future claims against Attorney Zamata.

We urge the Court to seal Plaintiff's letter motion and Defendant's prospective opposition as both documents refer to material protected by the confidentiality order.

Second, we note that discovery has been closed since August 21, 2020, nearly four months ago (ECF No. 69). Plaintiff's counsel's request for supplemental discovery is palpably improper in light of this, especially since Plaintiff's counsel was in possession of the original document production on June 10, 2020, and could have sought supplemental discovery while the window for discovery was still open. The window for discovery is closed and has been for months.

Previously, Defendant's own request for supplemental discovery materials from Plaintiff was rejected by this Court on October 1, 2020. In that instance, Plaintiff provided supplemental discovery responses (393 pages – almost doubling Plaintiff's entire document production, thus far) on August 13, 2020. Defense counsel requested some limited supplemental documents on August 20, 2020 – six days after the production - including certain policies and procedures explicitly referenced in the new production, <u>which had not been provided or previously referenced in any other document production</u>. The Court denied this request for the continuation of discovery, even though the request was submitted on August 20, 2020, before the close of discovery on August 21, 2020.

Plaintiff argues that Citibank "learned the full extent of Defendant's conduct" premised on emails provided on December 15, 2020 (Defendant's document production RZ 246 – 284). This

is false, as Plaintiff's counsel requested the supplemental discovery – attachments to emails produced on June 10, 2020 – on December 8, 2020, before the supplemental document production (consisting entirely of the remainder of the cut-off email chain) even took place (on December 15, 2020). On December 8, 2020 Plaintiff's counsel also sought a continuation of an email chain that was produced on June 10, 2020, which was inadvertently cut off due to the formatting of said document. The full e-mail chain was produced to Plaintiff's counsel on December 15, 2020, due to the inadvertent nature of its omission. <u>Importantly, the reference to the attachments sought by Plaintiff were provided in the original emails six months ago</u>.

In other words, a parallel situation exists except Plaintiff's counsel waited close to six months to seek additional discovery stemming from Defense counsel's document production, well *after* the close of discovery, concerning material Plaintiff was already aware of for six months. Plaintiff could have sought this material long before the close of discovery, instead of waiting until the eleventh hour to seek attachments referenced in emails in Plaintiff's counsel possession for six months, and well after the close of discovery. This request must be denied.

The hypocrisy of Plaintiff's new request is legitimately incredible, given that counsel has refused to provide supplemental discovery to Defendant for months, now, and has written multiple letters to the Court taking issue with supplemental discovery demands by Defendant. Notwithstanding this, the requested materials were not ordered by this Court on June 5, 2020, as Plaintiff argues, and do not fall within Plaintiff's counsel's "Request No. 8" concerning "all documents comprising [Defendant's] file <u>for the transaction in connection with which [sic] he received the RBC Counterfeit Check</u>" (emphasis added). The fact of the matter is that there is no evidence showing that the requested material relates to "the transaction in which [Rachel Zamata] received the RBC Counterfeit Check." Plaintiff's counsel argues that "Defendant deposited another check she received <u>in connection with the transaction</u> (emphasis added)." Plaintiff's counsel admits that the other check was "drawn by a company named AM Parts Johnstone Supply on Citizens Bank." The check referenced in Plaintiff's latest document request is a completely different check than the check at the center of this lawsuit. The amounts are completely different – there is an over $100,000 difference between the two checks (approximately $190,000 versus approximately $331,000). The other check was not deposited at Citibank. The other check was not drawn on Citibank. The other check has no connection to Citibank whatsoever. AM Johnstone Supply (the company) plays no role in the underlying facts of the transaction in this litigation. In other words, the two checks are not even for the same amount of money, nor do they involve the same companies or involve Citibank. Plaintiff can only infer that the two checks are related to the same underlying transaction. Plaintiff could have attempted to flesh out this theory while discovery was open; however, discovery has been closed for close to four months. Plaintiff has run out of time to complete his fishing expedition.

The fact of the matter is that Plaintiff was in possession of these emails for more than six months, and could have pursued this supplemental material from Defendant at any point in the two months between June 10, 2020, when he received the material, and August 21, 2020, when discovery was closed. Given that this Court rejected Defendant's timely request for supplemental discovery based upon Plaintiff's supplemental document production – sought on August 20, 2020, one day before the close of discovery, and only six days after the documents were provided (August 13, 2020) – it would be completely against the interest of justice for this Court to award

the exact same relief to Plaintiff given the obvious untimely nature of this request, made months after the close of discovery. Plaintiff's request must be denied and both letters must be sealed.

Respectfully,

s/ Rachel Aghassi
Rachel Aghassi, Esq.
Daniel Butler, Esq.
Furman Kornfeld & Brennan LLP
*Attorney for Defendant*
61 Broadway, 26th Floor
New York, NY 10006
Tel: 212-867-4100

By **January 7, 2021**, Parties are directed to meet and confer on whether the material at issue is covered by the protective order and file a joint letter, of no more than 5 pages, detailing their positions. To the extent that Defendant's request to seal is based on attorney-client privilege, the request is denied. The Clerk is respectfully directed to make ECF 80 and ECF 83 viewable only to the parties and the Court pending a final decision on whether they shall be sealed.

**SO ORDERED.**

_____
Ona T. Wang                 12/18/2020
U.S. Magistrate Judge